Appellant Sheela Davis Dawson appeals from the August 22, 2000, Judgment Entry of the Stark County Court of Common Pleas, Juvenile Division, terminating appellant's parental rights and granting permanent custody of appellant's four minor children to the Stark County Department of Job and Family Services.
 STATEMENT OF THE FACTS AND CASE
Appellant Sheela Davis Dawson is the mother of Ashley Davis (DOB 3/7/87), Sheena Davis (DOB 4/20/93), Megan Davis (DOB 10/28/94), and Cassie Davis (DOB 10/6/97). Robert Ramey is the father of appellant's four children. On April 17, 1998, the Stark County Department of Human Services filed a complaint for temporary custody of appellant's four children, alleging that the children were neglected. At the shelter care hearing held the same day, the Stark County Department of Human Services received temporary custody of the four children. Following a hearing held on July 10, 1998, the children were found to be neglected and temporary custody was granted to the Stark County Department of Human Services. Subsequently, on June 23, 1999, the Stark County Department of Human Services filed a complaint for permanent custody of appellant's children. A hearing on such motion was held on October 12, 1999. At the October 12, 1999, hearing, appellant agreed to voluntarily relinquish permanent custody of her four children to the Department of Human Services provided that all four children were placed with and adopted by Lisa Ramey, the childrens' paternal aunt. An Agreed Judgment Entry regarding the voluntary relinquishment of permanent custody was filed on October 18, 1999. The Agreed Judgment Entry stated, in part, as follows: "That visitation between Sheila Dawson [appellant] and the above captioned children be three (2) [sic] times per month. . . ." However, after Lisa Ramey was unable to adopt appellant's four children, the Stark County Department of Human Services filed a "Motion for Review" on February 28, 2000, requesting that the existing permanent custody order be rescinded. The Stark County Department of Human Services, in such motion, requested that the motion filed on June 23, 1999, be set for trial. On March 29, 2000, appellant appeared in court and was served with a notice stating that an evidentiary hearing would be held on June 20, 2000. Subsequently, a dispositional hearing was held on June 20, 2000. Thereafter, the trial court, as memorialized in a Judgment Entry filed on August 3, 2000, terminated appellant's parental rights and scheduled a best interest hearing for August 17, 2000. Following the August 17, 2000, hearing, the trial court, pursuant to a Judgment Entry filed on August 22, 2000, granted permanent custody of appellant's four children to the Stark County Department of Job and Family Services. It is from the trial court's August 22, 2000, Judgment Entry that appellant now prosecutes her appeal, raising the following assignments of error:
 ASSIGNMENT OF ERROR I THE JUDGMENT OF THE TRIAL COURT THAT THE MINOR CHILDREN CANNOT OR SHOULD NOT BE PLACED WITH APPELLANT WITHIN A REASONABLE TIME WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE.
 ASSIGNMENT OF ERROR II THE JUDGMENT OF THE TRIAL COURT THAT THE BEST INTERESTS OF THE MINOR CHILDREN WOULD BE SERVED BY THE GRANTING OF PERMANENT CUSTODY WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE. ASSIGNMENT OF ERROR III THE TRIAL COURT ERRED IN ITS DETERMINATION THAT THE STARK COUNTY DEPARTMENT OF JOB AND FAMILY SERVICES PUT FORTH GOOD FAITH AND DILIGENT EFFORTS TO REHABILITATE THE FAMILY SITUATION.
 I, II
Appellant, in her first two assignments of error, argues that the trial court's award of permanent custody of appellant's four minor children to appellee was against the manifest weight and sufficiency of the evidence. Appellant specifically contends that the judgment of the trial court that the children could not or should not be placed with appellant within a reasonable time and that the best interests of the children would be served by granting permanent custody to appellee were against the manifest weight and sufficiency of the evidence. We disagree. A judgment supported by some competent, credible evidence will not be reversed by a reviewing court as against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction Co. (1978), 54 Ohio St.2d 279. A reviewing court must not substitute its judgment or that of the trial court where there exists some competent and credible evidence supporting the judgment rendered by the trial court. Myers v. Garson (1993),66 Ohio St.3d 610. As is stated above, following a hearing held on July 10, 1998, the trial court found appellant's four children to be neglected children as defined in R.C. 2151.03 and granted temporary custody to appellee pursuant to R.C. Section 2151.353(A)(2). R.C. 2141.413(A) provides that, under these circumstances, the Department of Human Services can file a motion with the court requesting permanent custody of the child. R.C. 2151.414(B) states in part that the court may grant permanent custody to the movant if the court determines at a hearing, by clear and convincing evidence, that it is in the best interest of the child to grant permanent custody of the child to the agency and that, if the child is not abandoned or orphaned, the child cannot be placed with either parent within a reasonable time or should not be placed with his/her parents. R.C. 2151.414(E) states that "[i]f the court determines, by clear and convincing evidence, . . . that one or more" of the listed factors exist as to each parent, the court "shall enter a finding that the child cannot be placed with either parent within a reasonable time or should not be placed with either parent." Such section, in relevant part, provides as follows: "(E)(1) Following the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parent has failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the child's home. In determining whether the parents have substantially remedied those conditions, the court shall consider parental utilization of medical, psychiatric, psychological, and other social and rehabilitative services and material resources that were made available to the parents for the purpose of changing parental conduct to allow them to resume and maintain parental duties. . . ."
 (E)(4) The parent had demonstrated a lack of commitment toward the child by failing to regularly support, visit, or communicate with the child when able to do so, . . .
We have set forth the language in R.C. 2151.414(E)(1) and (4) because those are the subsections that the trial court apparently found applicable to the case sub judice. At the June 20, 2000, hearing, evidence was adduced that appellant continuously and repeatedly failed to substantially remedy the conditions that initially caused her four children to be placed outside of appellant's home. As part of her case plan, appellant was to maintain stable housing and steady employment, complete Goodwill parenting classes, and attend counseling at Renew for victims of domestic violence. At the June 20, 2000, hearing, Linda Temsic, a case manager and parenting instructor at Goodwill Industries, testified that appellant attended fifty out of sixty-three parenting classes. Three of appellant's absences were excused absences. Temsic testified that appellant received a certificate of attendance for her involvement in the parenting classes, the lowest level of certificate, because "we didn't feel that she had made sufficient improvement during the time that she was involved in the program and because her life is so chaotic and unstable . . . and it appeared that she didn't take the program seriously . . ." Transcript of June 20, 2000, hearing at 56. Appellant, Temsic further testified, was disruptive in class and failed to apply what she learned in class to her personal life. Temsic also voiced concerns that appellant, who provided "unreliable information and inconsistencies regarding her housing and employment," was unable to maintain stable housing and to provide food on occasion for her children. Transcript at 54. Appellant herself testified at the hearing that she had had six different living arrangements within a two year period. For a period of six months, appellant had lived rent free with her sisters. Appellant had lost two other residences due to an inability to pay the rent. As of the date of the June 20, 2000, hearing, appellant was unemployed. While, prior to the hearing, appellant had been employed at Sammy's for about two months, she was dismissed. Prior to such time, appellant had been employed at McDonald's for a short period of time. However, appellant testified that there was an eight month break in time between her employment at McDonald's and her subsequent employment at Sammy's. During the eight months, appellant, who was on house arrest for driving under a suspension part of such time, was unemployed. As is stated above, appellant also was to complete Renew as part of her case plan. However, while appellant initially attended, she later quit attending. Testimony also was adduced at the June 20, 2000, hearing that appellant failed to maintain contact with her children for more than ninety days. At the hearing, Sue Snyder, a family service worker with the Stark County Department of Human Services, testified that she spoke with appellant in March for the immediate review and that "[s]ince that time it was probably October at the last court hearing." Transcript of June 20, 2000, hearing at 84. Snyder further testified that if appellant had contacted her between October of 1999 and March of 2000 she would have "connected her [appellant] for visitation with her [appellant's] children." Transcript of June 20, 2000, hearing at 84. Appellant herself testified at the June 20, 2000, hearing that she had not seen her children since at least October of 1999. Based on the foregoing, we find that there was clear and convincing evidence that appellant's four children could not be placed with appellant within a reasonable period of time, or should not be placed with appellant. The next issue for determination, therefore, is whether, in accordance with R.C. 2151.414(D), permanent custody is in the best interests of the children. Pursuant to R.C. 2151.414(D), the trial court is to consider various factors in determining the best interest of the minor child including: 1) the interaction and interrelationship of the child with the child's parents, siblings, relatives, foster parents and out-of-home providers, and any other person who may significantly affect the child; 2) the wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child; 3) the custodial history of the child; and 4) the child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency. As is stated above, a best interest hearing was held on August 17, 2000. At the hearing, Sue Snyder testified that appellant's four children had been in the custody of the agency for about two and a half years. Whereas, Ashley, the oldest child, was placed with a relative, the other three children were in foster homes. At least two of the placements were prospective adoptive homes. According to Snyder, all four children were adoptable. Snyder also testified that the four children had a "very strained" relationship with their biological parents. Transcript of August 17, 2000, hearing at 8. As of the date of the hearing, the children had not seen appellant for approximately one year and their father in over a year and a half. When questioned, Snyder opined that it was in the childrens' best interest for permanent custody to be granted to the agency. Based on the foregoing, we find that the trial court's findings that appellant's four children could not and should not be placed with appellant within a reasonable period of time and that it was in the childrens' best interest for appellant's parental rights to be terminated were supported by clear and convincing evidence. We further find that the trial court's granting of permanent custody of appellant's four children to appellee is supported by competent, credible evidence and is not against the manifest weight or the sufficiency of the evidence. Accordingly, appellant's first and second assignments of error are overruled. III Appellant, in her third assignment of error, contends that the trial court erred in determining that the Stark County Department of Job and Family Services put forth good faith and diligent efforts to rehabilitate the family situation. The court in In re Weaver (1992), 79 Ohio App.3d 59, 63 held that a good faith effort to implement a reunification plan "means an honest, purposeful effort, free of malice and the design to defraud or to seek an unconscionable advantage." Id., citing In re Johnson (Nov. 21, 1988), Butler App. No. CA87-12-158, unreported, at 5. "A lack of good faith effort is defined as importing a dishonest purpose, conscious wrongdoing or breach of a known duty based upon some ulterior motive or ill will in the nature of fraud." Id. We believe that the record supports a good faith effort on the part of appellee. There is no evidence in the record that appellee acted in a fraudulent or malicious manner. While appellant blames appellee for her failures, as noted by appellee, appellant, during the June 20, 2000, hearing admitted that she made no attempt to contact Sue Snyder at the Stark County Department of Human Services between the months of October of 1999 and March of 2000. Appellant argues that, while she was willing to attend Renew, she could not afford to pay for the $15.00 Renew sessions. Appellee further argues that, although she contacted appellee for financial assistance, nothing came of it. However, while such may be the case, appellee cannot be faulted for appellant's failure to successfully complete Goodwill parenting classes, to maintain steady employment, and to maintain stable housing. Appellant's third assignment of error is, therefore, overruled.
The judgment of the Stark County Court of Common Pleas, Juvenile Division, is affirmed.
Edwards, J. Hoffman, P.J. and Wise, J. concur